UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| Techtronic Industries Company Limited, and Techtronic Industries Factory Outlets, Inc., <br><br> Movants, <br><br> – against – <br><br> Freddy Brick, <br><br> Respondent. | Case No. 1:24-mc-804 |

**PLAINTIFFS' MOTION TO COMPEL COMPLIANCE WITH SUBPOENA
ON THIRD PARTY FREDDY BRICK**

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, Plaintiffs Techtronic Industries Company Limited and Techtronic Industries Factory Outlets, Inc. (together, "TTI") respectfully move for an order compelling non-party Freddy Brick ("Mr. Brick") to produce documents responsive to TTI's subpoena.

**INTRODUCTION**

The underlying action, *Techtronic Industries Company Ltd. v. Bonilla*, 8:23-cv-1734 (M.D. Fla.), stems from a "short and distort" scheme operated by Defendant Victor Bonilla ("Mr. Bonilla") that caused significant reputational and economic harm to Plaintiffs-Movants TTI. Mr. Bonilla is a short seller who published two reports claiming that the company was engaged in fraudulent accounting practices and had defrauded a major partner, which, he falsely asserted, meant that TTI's value was significantly overstated. These reports were unequivocally false. But as a result, TTI's stock price dropped by nearly 20%, its credit lines were reduced, it suffered millions of dollars in out-of-pocket harm, and it lost nearly $3.5 billion in market capitalization—

and Mr. Bonilla profited. In response, TTI brought the underlying action for libel and libel per se against Mr. Bonilla. In discovery, Mr. Bonilla produced documents showing that non-party Freddy Brick, an employee of the investment firm Muddy Waters LLC ("Muddy Waters") that similarly publishes negative stories about public companies in an effort to make money off its investments, played a significant role in promoting Mr. Bonilla's reports. ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ As a result, Mr. Brick's own documents regarding his involvement with Mr. Bonilla in his scheme will help establish that Mr. Bonilla acted negligently or recklessly. TTI therefore served on Mr. Brick a subpoena consisting of eleven narrowly-tailored Requests for documents. Mr. Brick has refused to comply. His bases for doing so are boilerplate, conclusory, and generally fail to meet his burden to resist discovery.

For the reasons discussed below, this Court should grant TTI's motion and compel Mr. Brick to produce responsive documents.

## BACKGROUND

TTI is a Hong Kong-based power tool manufacturer that is publicly traded on the Hong Kong stock exchange. Mr. Bonilla is a short seller who publishes self-styled "research" reports that purportedly uncover fraud or wrongdoing associated with public companies.[1] In conjunction with publishing, Mr. Bonilla either shorts the stock of the company that he reports upon or coordinates with Muddy Waters to short the stock and pay him a portion of the profits. By doing so, Mr. Bonilla aims to decrease the share price of his targets so that he and others—including Muddy Waters and the hedge funds he manages—can profit off the harm his reports inflict.

---

[1] Rather than openly target his victims, Bonilla publishes under the pseudonym "Jehoshaphat Research," which, until TTI unveiled his identity by filing the underlying lawsuit, was unconnected to Bonilla's identity.

In February and June of 2023, Mr. Bonilla published two defamatory "research" reports about TTI and additional defamatory statements on Twitter. The initial report had a devastating effect on TTI's stock price and partnerships, causing TTI's stock price to drop nearly 20%; the second report caused TTI's stock to drop nearly 5%. Ex. 1 (Amended Complaint). TTI seeks to recover its costs, expenses, and reputational harm stemming from Mr. Bonilla's defamatory statements. *Id.*

TTI uncovered through discovery that Mr. Brick, an employee of Muddy Waters was intimately involved in Mr. Bonilla's scheme. Specifically, ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ Documents also show that Mr. Brick organized Mr. Bonilla's appearance on Zer0es TV to promote reports on TTI including:

- Organizing Mr. Bonilla's February appearance on Zer0es TV to discuss his ▉▉▉▉▉▉▉ on TTI. Zer0es TV was a crucial outlet for Mr. Bonilla: ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ Ex. 4, 5.
- ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ with Zer0es TV in connection with TTI. Ex. 6.
- ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ TV. Ex. 5.
- ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ Ex. 7.

This ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ of Mr. Bonilla's reports go to the heart of TTI's claim: Mr. Bonilla's disregard for the truth and economic incentive to harm or damage TTI.

3

On March 26, 2024, TTI served on Mr. Brick a subpoena consisting of eleven requests for documents (the "Requests" or "Request"). TTI requested: (1) documents and communications related to TTI (Requests Nos. 1, 2, 3); (2) documents evidencing an agreement between Muddy Waters and Mr. Bonilla (Request No. 4); (3) documents and communications regarding Mr. Brick's financial interests and trading in TTI stocks, options, futures, or other securities between August 1, 2022 and the present, including without limitation any short positions (Requests Nos. 5, 6); (4) documents relating to Mr. Bonilla's reports (Requests Nos. 7, 8); (5) documents and communications relating to financial analyses of TTI (Requests Nos. 9); (6) all non-privileged documents relating to this action, TTI, Jehoshaphat Research, short selling, and Mr. Bonilla's hedge fund, through which he profited off his Reports against TTI within a limited set of custodians including Mr. Bonilla, Brick, and Brick's assistant Mitchell Schwartz (Request No. 10), and; (7) documents and communications reflecting any business, enterprise, joint venture, or business entity, owned in whole or in part, directly or indirectly by Mr. Bonilla and Mr. Brick. Ex. 8 (the "Subpoena"). Each Request was narrowly tailored to the specific time period predating the litigation and to the specific actors associated with Mr. Bonilla's two reports.

Counsel for Mr. Brick responded by email on April 8.[2] Ex. 9. Amid a host of boilerplate objections related to relevance and burden, Mr. Brick agreed to produce documents in response to Request Nos. 1, 2, 3, 7, 8, 9, 10, and 11. However, as of the date of this filing and more than 3 months later, Mr. Brick has not produced a single document. Mr. Brick also declined to produce documents in response to Request Nos. 4, 5, and 6, on the grounds of relevance, overbreadth, and burden. In the same email, Mr. Esper also objected to the subpoena on behalf of Mr. Bonilla on the basis that it was improper.

---

[2] Mr. Brick and Bonilla are represented by the same counsel, Dilan Esper.

On May 20, TTI wrote an email detailing Mr. Brick's deficient responses, and noted that Mr. Brick had failed produce any documents. Ex. 10. Mr. Brick did not respond. TTI's counsel followed up on June 4 by email requesting a response by June 5. Again, Mr. Brick did not respond.

On July 1, Muddy Waters—which was also subject to a Rule 45 subpoena from TTI—produced nine documents in this action. This production contained correspondence to, from, or copying Mr. Brick, but was plainly deficient.[3] As explained in TTI's motion to compel production from Muddy Waters, the communications almost exclusively pertain to Mr. Bonilla's appearances on Zer0es TV, and the two documents unrelated to the Zer0es TV appearances suggest that more responsive documents exist and thus need to be produced. Mr. Brick—as the primary correspondent with Mr. Bonilla at Muddy Waters—would invariably have been party to Mr. Bonilla's correspondences with Muddy Waters, and indeed was copied on all correspondence TTI has received from Muddy Waters, ████████████████████████████████████████████████████████████████████████ Ex. 11.

On July 8, TTI followed up with Mr. Brick about his failure to respond to TTI's attempts to confer and his failure to produce responsive documents.[4] Ex. 12 (the "July 8 Brick Correspondence"). TTI also explained that Muddy Waters's production was incomplete and deficient, to the extent that Mr. Brick sought to rely upon it in lieu of producing his own documents. Mr. Brick did not respond.

Mr. Brick's unexplained and inexplicable delay of more than three months has caused significant and undue prejudice to TTI. This delay has adversely affected TTI's ability to prosecute

---

[3] Contemporaneous with this motion, TTI has also moved to compel production from Muddy Waters.

[4] TTI simultaneously followed up with Muddy Waters about issues with their responses and productions. Ex. 13 (the "July 8 Muddy Waters Correspondence").

5

its case-in-chief, including whether to request additional discovery from Mr. Bonilla within the quickly closing period of fact discovery (August 2), and its ability to prepare for and take depositions (which are currently underway). It has also impaired TTI's ability to obtain a full picture of Mr. Bonilla's actions and motivations, as aided by Muddy Waters and Mr. Brick, before the mediation scheduled for July 19. Moreover, TTI cannot effectively depose Mr. Brick without understanding the extent to which Mr. Brick was involved in preparing and promoting Mr. Bonilla's reports.

## **LEGAL STANDARD**

Federal Rule of Civil Procedure 26 provides that a party may obtain discovery regarding any nonprivileged matter that is relevant to the parties' claims or defenses and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). Where, as here, a non-party refuses discovery in response to a validly issued subpoena, Federal Rule of Civil Procedure 45 provides the court for the district where compliance is required with broad discretion to compel the production of documents and information from third parties. Fed. R. Civ. P. 45(d)(2)(B)(i); *Netlist, Inc. v. Intel Corp.*, 2023 WL 6345979, at *1 (W.D. Tex. Sept. 28, 2023); *Orix USA Corp v. Armentrout*, 2016 WL 3926507, at *2 (N.D. Tex. July 21, 2016).

Once a party moving to compel discovery establishes that the materials and information are relevant or will lead to the discovery of admissible evidence, the burden rests upon the non-party resisting discovery to substantiate its objections. *611 Carpenter LLC v. Atlantic Casualty Ins. Co.*, 2024 1977160, at *1 (W.D. Tex. April 30, 2024) (internal citations omitted) (granting party's motion to compel non-party subpoena). The non-party "must state with specificity the objection and how it relates to the particular request being opposed, and not merely that it is overly broad and burdensome." *Id.* When determining if a subpoena is relevant, courts apply Rule 26(b)(1)'s relevance standard, which allows parties to discover "any nonprivileged matter that is

6

relevant to any party's claim or defense and that is proportional to the needs of the case." *Cunningham v. Concentrix Sols. Corp.*, 2021 WL 425098, at *2 (E.D. Tex. Feb. 8, 2021). Courts have found subpoenas were not overbroad or unduly burdensome when they asked for documents from specific years of relevance to the litigation. *Donaldson v. Crip*, 2023 WL 6201372, at *6 (E.D. Tex. Sept. 21, 2023); *Swire v. Kempf*, 2020 WL 23626198, at *2 (W.D. Tex. May 11, 2020).

**ARGUMENT**

I.  **The Subpoena Seeks Relevant Documents and Communications**

Mr. Brick has refused to produce documents in response to Requests Nos. 4, 5, 6 on relevance grounds, Ex. 9, but the requested documents are indisputably relevant to TTI's claims in the MDFL Action.[5]

*First*, Requests Nos. 4, 5 and 6 are relevant to establishing Mr. Bonilla's intent. Documents showing Mr. Bonilla had a ███████████████████████████████████████ would demonstrate that Mr. Bonilla was not acting as an objective researcher, but instead had a financial motivation to bend the truth, drive down TTI's stock price to the greatest extent possible, and reap the greatest profits possible. Evidence of such motivations supports TTI's claim that Mr. Bonilla acted with negligence or recklessly. *Second*, Requests 5 and 6 are relevant to TTI's damages. ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████. Exs. 2, 3. However, ████████████

---

[5] Because Mr. Brick has agreed to produce documents in response to Requests Nos. 1, 2, 3, 7, 8, 9, 10, and 11, he has conceded that those Requests are relevant and thus TTI does not address them here. *See AstraZeneca Pharm. LP v. Handa Pharm.*, LLC, A-10-CA-259 LY, 2010 WL 11506636, at *2 (W.D. Tex. July 1, 2010), *order clarified on reconsideration,* A-10-CA-259 LY, 2010 WL 11506721 (W.D. Tex. July 27, 2010) ("It appears from Cedra's decision to produce responsive documents that it has waived any objection it had to such production.").

7

████████████████████████████████████████████████████████████

████████████████████████████████████, and Mr. Bonilla's defamatory reporting, would establish the degree of harm that Mr. Bonilla's reports caused damage to TTI. *Finally*, Mr. Brick was copied on each document produced by Muddy Waters to-date: it is apparent that he has extensive knowledge of these facts, and it is likely that that he is in possession of more responsive documents. ████████████████████████████████████████████████

████████████████████████████████████████████████████████████

███████████████████████████ Mr. Brick thus has responsive documents that he must produce.

Mr. Brick's documents are not just relevant; they are also necessary for TTI to effectively litigate the MDFL Action. Mr. Brick's production may show that TTI needs to request additional documents from Mr. Bonilla, and without the documents, TTI is at the mercy of the fast-approaching fact discovery deadline (August 2). *See* MDFL Action, ECF. No. 50. Moreover, without documents from Mr. Brick explaining the extent of his relationship with Mr. Bonilla, and his role in the relationship between Muddy Waters and Mr. Bonilla, TTI will not be able to effectively depose Mr. Brick. Mr. Brick's failure to provide documents thus prejudices TTI's ability to build its case and develop a complete factual record of the people and events that contributed to Mr. Bonilla's defamation against TTI.

## II. Muddy Waters Has Not Met its Burden to Show TTI's Requests are Overbroad or Unduly Burdensome

In his subpoena response, Mr. Brick objects to five of the eleven requests on the grounds of overbreadth and burden, without explanation. Ex. 9. These objections fail: each Request is narrowly tailored to a specific event and time period that is relevant to the MDFL Action.

*Donaldson*, 2023 WL 6201372, at *6 (overruling objections to non-party subpoena on the grounds that the subpoena requests were not overbroad or unduly burdensome).

*First*, Mr. Brick's objections to Requests 3 and 9 (that they "concern communications having nothing to do with the facts of this case" and "concern analyses having nothing to do with the facts of this case," Ex. 9) have been rendered moot by TTI's May 20 letter. Ex. 10. There, TTI agreed to narrow these Requests to documents from August 1, 2022 to the present, which represented a window that was contemporaneous with Mr. Brick's involvement in the events of this case: a specific and narrow window to which Mr. Brick failed to respond to this proposed narrowing.

*Second*, Requests Nos. 7 and 8 are framed in terms of the two reports that are at the heart of the MDFL actions and thus necessarily relate to a specific and focused time period because these documents could not predate the actual planning or drafting of Mr. Mr. Bonilla's reports relating to TTI. Mr. Brick has not responded to TTI's written explanations of this relevance.

*Finally*, TTI has again agreed to narrow Request No. 10 to only documents from August 1, 2022 to the present: a specific and narrow window contemporaneous with Mr. Brick's involvement in the events in this case. Again, Mr. Brick failed to respond to TTI's offer.

In response, Mr. Brick simply declares the Requests to be overbroad. Ex. 9. But courts reject such "text-book boilerplate objections" of non-parties. *League of United Latin Am. Citizens v. Abbott*, 2022 WL 3353409, at *3 (W.D. Tex. Aug. 12, 2022) (rejecting overbreadth objections where they were supported by only "a single sentence"). Without "particularized facts" to support its objections, Mr. Brick's bare and conclusory assertions are improper and insufficient. *Phillips v. Murphy Oil USA, Inc.*, 2024 WL 677711, at *2 (W.D. Tex. Feb. 12, 2024).

### III. Muddy Waters's Refusal to Produce Documents Based on Mr. Bonilla's Objections Is Improper

Finally, Mr. Brick cites Mr. Mr. Bonilla's objections to the Subpoena as grounds for his refusal to produce. Ex. 9. But Mr. Bonilla has not established that specific facts showing that the third-party subpoena implicates his personal rights or privileges. *Compare Harris v. Henry*, 2023 WL 5541077, at *1-5 (W.D. Tex. Aug. 28, 2023) (finding standing where third-party subpoena sought personal "employment, medical, and educational records") *with Clayton Brokerage Co., Ins. Of St. Louis v. Clement*, 87 F.R.D. 569, 571 (D. Md. 1980) (rejecting standing where third-party subpoena sought bank records because these were "instruments of commercial transactions" and "business records" that did not violate the party's privacy rights). No right or privilege exists here, nor does Mr. Bonilla purport to claim one. Rather, TTI's Requests seek Mr. Brick's documents concerning ███████████████████████████████ ███████████████████████████████. These are instruments of commercial transaction and business records, not Mr. Bonilla's personal, private records.

### CONCLUSION

For the foregoing reasons, TTI respectfully requests that the Court grant this motion to compel, overrule Mr. Brick's objections, enter an order compelling Mr. Brick to provide complete responses to the Requests, including productions of documents where warranted, and grant such other and further relief as the Court deems just and proper.

### LOCAL RULE CV 7(g) CERTIFICATION

Pursuant to Local Rule CV 7(g), I hereby certify that TTI's counsel conferred with Muddy Water's counsel by email dated June 8, 2024 in a good-faith attempt to resolve the matter by agreement and no agreement could be made because non-party Muddy Waters opposes the relief requested in this motion.

Dated: July 29, 2024

By: /s/ *Asher Griffin*
**QUINN EMANUEL URQUHART & SULLIVAN LLP**
Asher Griffin (TX Bar No. 24036684)
300 West 6th St, Suite 2010
Austin, TX 78701
Telephone: (737) 667-6100
Facsimile: (737) 667-6110
ashergriffin@quinnemanuel.com

Jason D. Sternberg (*pro hac vice* anticipated)
2601 South Bayshore Drive, 15 Floor
Miami, FL 33133
Telephone: (305) 402-4880
Facsimile: (305) 901-2975
jasonsternberg@quinnemanuel.com

Kristin Tahler (*pro hac vice* anticipated)
865 S. Figueroa St., 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100
kristintahler@quinnemanuel.com

*Attorneys for Techtronic Industries Company Limited and Techtronic Industries Factory Outlets, Inc.*

# CERTIFICATE OF SERVICE

I hereby certify that on Monday, July 29, 2024, true and correct copies of the foregoing document were served on the following counsel of record at the addresses and in the manner indicated:

**VIA E-MAIL**

                                            Dilan Esper
                                            desper@harderllp.com
                                            HARDER STONEROCK LLP
                                            8383 Wilshire Boulevard, #526
                                            Beverly Hills, CA 90211
                                            Telephone: (424) 203-1600


                                            /s/ *Asher Griffin*
                                            Asher Griffin